[Cite as *State v. Wooden*, 2011-Ohio-4942.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

JOHN L. WOODEN

    Appellant

C.A. No.     25607

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 01 07 1646

DECISION AND JOURNAL ENTRY

Dated: September 28, 2011

---

CARR, Presiding Judge.

{¶1} Appellant, John Wooden, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms, in part, and vacates, in part.

I.

{¶2} This case arises out of two incidents which occurred in 2001. The substantive facts of the incidents, which involved the rape and kidnapping of a thirteen-year-old girl, are set forth in this Court's prior decision. *State v. Wooden*, 9th Dist. No. 21138, 2003-Ohio-1917.

{¶3} Wooden was initially indicted by the Summit County Grand Jury on July 6, 2001. The State subsequently supplemented the indictment on two separate occasions. Wooden was indicted on two counts of rape, in violation of R.C. 2907.02(A)(2); two counts of kidnapping, in violation of R.C. 2905.01(A)(4); two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(1); one count of attempted rape, in violation of R.C. 2923.02 and R.C. 2907.02(A)(2); and one count of burglary, in violation of R.C. 2911.12(A)(1). Wooden pleaded

not guilty to the charges and the matter proceeded to a jury trial. Wooden was found guilty of each count in the indictment with the exception of the burglary charge. The trial court then sentenced Wooden to a total of twenty-nine years of incarceration. The trial court issued its sentencing entry on May 14, 2002. After a subsequent hearing, the trial court found Wooden to be a sexual predator.

{¶4}  On June 11, 2002, Wooden filed a notice of appeal. On appeal, Wooden raised seven assignments of error. This Court affirmed his convictions on April 16, 2003. Wooden filed a notice of appeal to the Supreme Court of Ohio. On December 24, 2003, the Supreme Court denied Wooden's motion for leave to file a delayed appeal. *State v. Wooden*, 100 Ohio St.3d 1543, 2003-Ohio-6879.

{¶5}  On April 20, 2006, Wooden filed a pro se motion for resentencing on the basis that his sentence was unlawful in light of the Supreme Court of Ohio's decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856. The State responded by arguing that Wooden's motion did not satisfy the requirements for a petition for post-conviction relief. The trial court denied the motion on May 4, 2006.

{¶6}  On June 18, 2010, Wooden filed a pro se motion to impose a lawful sentence on the basis that his original sentence did not contain proper notification of post-release control. On June 28, 2010, the trial court issued an order directing the Summit County Sherriff to return Wooden to the courthouse for re-sentencing. On July 2, 2010, Wooden filed a pro se motion to dismiss on the basis that the indictment was not sufficient to charge an offense. A resentencing hearing was held on September 15, 2010. Wooden was represented by counsel at the hearing. At that time, the trial court denied Wooden's motion to dismiss and re-imposed the original term of incarceration. The trial court also informed Wooden that he would be subject to a mandatory

term of five years on post-release control upon his release from prison because he had been found guilty of a first degree felony. The trial court further found Wooden to be a sexual predator. The trial court issued its sentencing entry on September 21, 2010.

{¶7} On September 29, 2010, Wooden filed a notice of appeal. On appeal, he raises two assignments of error.

## II.

### ASSIGNMENT OF ERROR I

"APELLANT'S CONVICTIONS FOR KIDNAPPING ARE UNCONSTITUTIONAL AS THE INDICTMENT CHARGING APPELLANT FAILED TO SPECIFY THE MENS REA ATTACHED TO THE CRIMES, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION."

{¶8} In his first assignment of error, Wooden argues that his convictions for kidnapping were unlawful because the indictments failed to specify the mens rea under which the State alleged the kidnapping occurred. This Court disagrees.

{¶9} In support of his first assignment of error, Wooden argues that the trial court erred in denying his motion to dismiss, which was filed on July 2, 2010, because the indictment failed to specify the mens rea element for the offense of kidnapping. Wooden concedes that his position is contrary to the position articulated by the Supreme Court of Ohio in *State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, but raises the argument with the aim of preserving the issue for appeal. Wooden advocates a standard in which the failure to specify the mens rea element in a kidnapping charge would be regarded as a violation of the Fifth Amendment of the United States Constitution, as applied through the Fourteenth Amendment, as well as Article I, Sections 10 and 16 of the Ohio Constitution.

{¶10} As Wooden previously appealed his convictions to this Court and declined to raise this issue, he is now barred from re-litigating the issue by the doctrine of res judicata.

{¶11} In *State v. Perry* (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus, the Supreme Court of Ohio articulated the parameters of the doctrine of res judicata:

> "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, *or on an appeal from that judgment*."

(Emphasis added.) This Court has recognized that, by the plain language of *Perry*, "the doctrine of res judicata is directed at procedurally barring convicted defendants from relitigating matters which were, or could have been, litigated on direct appeal." *State v. Widman* (May 16, 2001), 9th Dist. No. 00CA007681.

{¶12} Wooden exercised his right to appeal to this Court in 2002. While he raised seven different assignments of error on appeal, he did not challenge the sufficiency of the indictment. This Court affirmed his convictions on April 16, 2003. *State v. Wooden*, 9th Dist. No. 21138, 2003-Ohio-1917. As Wooden did not raise any challenges to the indictment in his appeal of right, he is now barred from raising that issue in a subsequent action. *Widman*, supra.

{¶13} The first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

"APPELLANT WAS DEPRIVED OF HIS DUE PROCESS AND HIS SPEEDY TRIAL RIGHTS WHEN HE WAS NOT GIVEN A VALID SENTENCE UNTIL OVER EIGHT YEARS AFTER HE WAS FOUND GUILTY, IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

{¶14} In his second assignment of error, Wooden argues the trial court lost jurisdiction to impose sentence due to unreasonable delay. This Court disagrees.

**{¶15}** In support of his assignment of error, Wooden contends that the trial court was without jurisdiction to resentence him in September 2010. Wooden contends that the delay which occurred between the time he was convicted and the time he was resentenced in September 2010, violated the Fifth and Sixth Amendments of the United States Constitution, as applied through the Fourteenth Amendment, as well as Crim.R. 32(A). In support of his position, Wooden relies on the Eighth District's decision in *Euclid v. Brackis* (1999), 135 Ohio App.3d 729, and several other cases, for the proposition that a defendant should be discharged when there is an unreasonable delay between the time of conviction and the time of sentencing.

**{¶16}** The Supreme Court of Ohio has held that an error in post-release control notification does not result in a void sentence. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238. In *Fischer*, the Supreme Court held that "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." Id. at ¶26. The Court reasoned that "[n]either the Constitution nor common sense commands anything more." Id. The new sentencing hearing that a defendant is entitled to "is limited to proper imposition of postrelease control." Id. at ¶29. The Court also held that res judicata "applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." Id. at paragraph three of the syllabus.

**{¶17}** Moreover, Crim.R. 32(A) states that a sentence "shall be imposed without unnecessary delay." The Supreme Court of Ohio has recognized that delay for a reasonable time does not invalidate a sentence. *Neal v. Maxwell* (1963), 175 Ohio St. 201, 202. This Court has held that Crim.R. 32(A) does not apply in cases where an offender must be re-sentenced. *State v. Spears*, 9th Dist. No. 24953, 2010-Ohio-1965, at ¶19, citing *State v. Huber*, 8th Dist. No. 85082,

2005-Ohio-2625, ¶8. See, also, *State v. Culgan*, 9th Dist. No. 09CA0060-M, 2010-Ohio-2992, at ¶36-37; *State v. Jones*, 9th Dist. No. 25032, 2010-Ohio-4455, at ¶9-10, *State v. Banks*, 9th Dist. No. 25279, 2010-Ohio-1039, at ¶42-43. "This logic, as it relates to Crim.R. 32(A), recognizes the distinction between a trial court refusing to sentence an offender and a trial court improperly sentencing an offender." *Spears* at ¶19. Furthermore, the Supreme Court of Ohio has held that a trial court retains continuing jurisdiction to correct a void sentence. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, at ¶19, citing *State v. Beasley* (1984), 14 Ohio St.3d 74, 75.

{¶18} This is not a case where the trial court refused to impose a sentence upon an offender. Rather, Wooden was sentenced promptly after he was found guilty in 2002. On June 18, 2010, Wooden filed a motion informing the trial court that he had not been properly notified of post-release control. On June 28, 2010, the trial court ordered that Wooden be returned to the courthouse for re-sentencing. The re-sentencing hearing was held on September 15, 2010. In accordance with *Fischer*, the scope of the new sentencing hearing to which Wooden was entitled was limited to the proper imposition of post-release control. *Fischer*, at paragraph two of the syllabus. It follows that the trial court had authority to impose the proper term of post-release control on Wooden at the re-sentencing hearing. As the lawful portion of Wooden's original sentence remained in place pursuant to *Fischer*, the trial court did not have authority to conduct a de novo sentencing hearing and reissue a sentence. Furthermore, as the lawful elements of Wooden's original sentence remained in place, he cannot prevail on his argument that there was unreasonable delay in imposing a sentence. To the extent the trial court properly imposed a mandatory five-year period of post-release control upon Wooden at the resentencing hearing, its

judgment is affirmed. To the extent the trial court conducted a de novo sentencing hearing and reissued a sentence to Wooden, its judgment in that respect is vacated.

III.

{¶19} The judgment of the Summit County Court of Common Pleas is vacated to the extent the court exceeded its authority and resentenced Wooden. The trial court's decision to notify Wooden that he would be subject to a mandatory five-year period of post-release control is affirmed. The remaining portion of Wooden's original sentence remains in place.

Judgment affirmed in part,<br>and vacated in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.


DONNA J. CARR
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR

APPEARANCES:

ADAM VAN HO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.