[Cite as *State v. Occhipinti*, 2016-Ohio-1286.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN )

STATE OF OHIO

    Appellee

    v.

CARMEN OCCHIPINTI

    Appellant

C.A. No.     15CA010787

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     12CR085912

DECISION AND JOURNAL ENTRY

Dated: March 28, 2016

HENSAL, Presiding Judge.

{¶1} Defendant-Appellant, Carmen Occhipinti, appeals from a judgment of the Lorain County Court of Common Pleas, denying his pro se motion to find his conviction and sentence for theft void. For the following reasons, this Court affirms.

I.

{¶2} Mr. Occhipinti was indicted on one count of theft in violation of Revised Code Section 2913.02(A)(3). After initially entering a plea of not guilty, he pleaded guilty and the case proceeded to sentencing. On August 7, 2013, the trial court sentenced Mr. Occhipinti to three years of community control, and ordered him to pay the costs of prosecution, court-appointed-counsel costs, and supervision fees, totaling $720.00. Mr. Occhipinti did not file a direct appeal of his sentence.

{¶3} Almost two years after sentencing, Mr. Occhipinti filed a pro se "Motion to Find the Judgment Entry Void * * *." In his motion, Mr. Occhipinti argued that the trial court failed

to comply with Sections 2929.18(A)(1) and 2941.51(D) by not determining his ability to pay prior to imposing court-appointed-counsel costs. Mr. Occhipinti also argued that the trial court failed to comply with Section 2947.23(A)(1) because it did not notify him of its ability to order community service for failure to pay court costs. He, therefore, argued that his sentence was void and requested that the trial court "void the court cost[s] and court appointed counsel fee[]s[.]" Lastly, Mr. Occhipinti argued that the trial court retained jurisdiction to correct his sentence because res judicata does not apply to void sentences. The trial court denied his motion and Mr. Occhipinti timely appealed, raising one assignment of error for our review.

II.

ASSIGNMENT OF ERROR

> THE TRIAL COURT FAILED TO COMPLY WITH THE STATUTOR[Y] REQUIREMENTS OF THE OHIO REVISE[D] CODE RENDERING THE JUDGMENT ENTRY AND SENTENCE VOID AND A NON-FINAL APPEALABLE ORDER.

{¶4} Mr. Occhipinti's arguments on appeal mirror those set forth in his "Motion to Find the Judgment Entry Void * * *" and we, therefore, will not recite them here. This Court need not address the merits of Mr. Occhipinti's assignment of error, however, because his arguments are barred by res judicata. "It is well established under Ohio law that challenges to sentencing errors, including the imposition of court costs, must be made on direct appeal." *State v. Fields*, 9th Dist. Wayne No. 02CA0004, 2002-Ohio-5549, ¶ 6; *State v. Thompson*, 2d Dist. Montgomery No. 26364, 2015-Ohio-1984, ¶ 8-9. As previously noted, Mr. Occhipinti did not file a direct appeal of his sentence. Instead, he filed a post-conviction motion to vacate his sentence with the trial court almost two years after sentencing.

{¶5} To the extent that Mr. Occhipinti argues that res judicata does not apply because his sentence is void, we find his argument unpersuasive. As this Court has stated, "the Ohio

Supreme Court has applied its void-sentence analysis in limited circumstances[] [and] [t]his Court will not extend its reach without clear direction from the Supreme Court." *State v. Culgan*, 9th Dist. Medina No. 09CA0060-M, 2010-Ohio-2992, ¶ 20. Mr. Occhipinti has pointed us to no authority holding that a sentencing error regarding the imposition of court costs renders a sentence void and, therefore, exempt from the preclusive effect of res judicata. *See* App.R. 16(A)(7). Consistent with our precedent, we will not reach that result in this case. *Id.*

{¶6} "[B]ecause [Mr. Occhipinti] could have raised his arguments pertaining to his sentence and court costs in a direct appeal, he is now barred from asserting these arguments under the doctrine of res judicata." *State v. Williams*, 9th Dist. Summit No. 27482, 2015-Ohio-2632, ¶ 7. Accordingly, Mr. Occhipinti's assignment of error is overruled.

III.

{¶7} Mr. Occhipinti's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

    Costs taxed to Appellant.

 

JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
CANNON, J.
<u>CONCUR.</u>

(Cannon, J., of the Eleventh District Court of Appeals, sitting by assignment.)

<u>APPEARANCES:</u>

CARMEN OCCHIPINTI, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.