[Cite as *State v. Sykes*, 2016-Ohio-7279.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

STATE OF OHIO

    Appellee

    v.

ALONZO SYKES

    Appellant

C.A. No.     28237

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CR 2003-04-1088

DECISION AND JOURNAL ENTRY

Dated: October 12, 2016

SCHAFER, Judge.

{¶1}    Defendant-Appellant, Alonzo Sykes, appeals the judgment of the Summit County Court of Common Pleas denying his pro se post-conviction motion. We affirm.

I.

{¶2}    On May 6, 2003, Sykes pleaded guilty to one count of possession of cocaine in violation of R.C. 2925.11(A), a fifth-degree felony. On June 3, 2003, the trial court sentenced Sykes to two years of community control. The trial court issued its sentencing entry on June 9, 2003. Sykes did not file a direct appeal. The trial court terminated Sykes' community control via entry dated December 28, 2004.

{¶3}    On January 5, 2016, almost 13 years after sentencing and while in federal custody, Sykes filed with the trial court a "Motion to Find Judgment Entry Void in part and a Non-Final Appealable Order." In his motion, Sykes contended that the June 9, 2003 sentencing entry is both partially void and a non-final appealable order because the entry never informed

him of the mandatory nature of post-release control or that a violation of his post-release control was punishable by a prison term of up to nine months. The State filed a memorandum in opposition. The trial court denied Sykes' motion on March 24, 2016.

{¶4} On April 4, 2016, Sykes again filed with the trial court a "Motion to Find Judgment Entry Void in part and a Non-Final Appealable Order." In this motion, however, Sykes argues that the June 9, 2003 sentencing entry is both partially void and a non-final appealable order because the entry failed to consider Sykes' present and future ability to pay fines and also failed to notify him that his failure to pay fines and court costs would result in the imposition of community control sanctions. The State again filed a memorandum in opposition to Sykes' motion. The trial court denied Sykes' motion on April 28, 2016.

{¶5} Sykes filed this timely appeal and raises two assignments of error for this Court's review. To facilitate our analysis, we elect to address both of Sykes' assignments of error together.

II.

**Assignment of Error I**

**The trial court disregarded a statutory requirement, which renders the judgment entry void in part, and a non-final appealable order.**

**Assignment of Error II**

**The trial court erred in relying on** *State v. Occhipinti*, **9th Dist. Lorain No. 15CA010787, 2016-Ohio-1286, which does not apply to the trial court's failure to properly inform the appellant of the requirements of R.C. 2929.19(B)(5)[,] rendering the judgment void.**

{¶6} In his two assignments of error, Sykes argues that the trial court erred by denying his "Motion to Find Judgment Entry Void in part and a Non-Final Appealable Order." We

decline to address the merits of Sykes' assignments of error, however, since his arguments are barred by res judicata.

{¶7} The trial court relied upon this Court's precedent in *State v. Occhipinti*, 9th Dist. Lorain No. 15CA010787, 2016-Ohio-1286, in determining that the arguments put forth in Sykes' post-conviction motion were barred by res judicata. In *Occhipinti*, this Court rearticulated well-established Ohio law stating that a criminal defendant's challenge "to sentencing errors, including the imposition of court costs, must be made on direct appeal." *Id*. at ¶ 4, citing *State v. Fields*, 9th Dist. Wayne No. 02CA0004, 2002-Ohio-5549, ¶ 6 and *State v. Thompson*, 2d Dist. Montgomery No. 26364, 2015-Ohio-1984, ¶ 8-9. We also held that a sentencing error regarding the imposition of court costs neither renders a sentence void nor makes such error exempt from the preclusive effect of res judicata. *See id*. at ¶ 5.

{¶8} Sykes argues that *Occhipinti* does not control the resolution of this matter. In support of his argument, Sykes points to the Twelfth District Court of Appeals' decision in *State v. Collins*, 12th Dist. Warren No. CA2011-08-083 (Jan. 30, 2012) (Accelerated Calendar Judgment Entry). However, Sykes' reliance upon *Collins* is misplaced. In that case, the defendant pleaded guilty to trafficking in marijuana, a third-degree felony. *See State v. Collins*, 12th Dist. Warren No. CA2012-11-115, 2013-Ohio-3485, ¶ 2. On appeal, the defendant argued that his sentence was contrary to law because the trial court failed to advise him, as required under R.C. 2947.23(A)(1), that community service could be imposed on him if he failed to pay the court costs. *Id*. at ¶ 3. The Twelfth District ruled that the defendant's sole assignment of error *in his direct appeal* was "well-taken and sustained to the extent the court costs imposed are hereby vacated[,]" and that "[f]or this reason, the trial court's judgment is reversed and this cause is remanded for resentencing in compliance with R.C. 2947.23(A)(1)." *Id*. at ¶ 4.

**{¶9}** Thus, *Collins* is distinguishable from the present case since the defendant there raised the sentencing issue in his direct appeal. As noted earlier, however, Sykes never filed a direct appeal of his sentence. Rather, Sykes waited nearly 13 years before filing a post-conviction motion to partially vacate his sentence. Accordingly, "because [Sykes] could have raised his arguments pertaining to his sentence and court costs in a direct appeal, he is now barred from asserting these arguments under the doctrine of res judicata." *State v. Williams*, 9th Dist. Summit No. 27482, 2015-Ohio-2632, ¶ 7; *State v. Massey*, 5th Dist. Delaware No. 15 CAA 05 0043, 2015-Ohio-5193, ¶ 24 (holding that the trial court's failure to notify appellant that failure to pay mandatory court costs could result in community control sanctions is an issue that is barred by res judicata).

**{¶10}** Sykes' assignments of error are both overruled.

### III.

**{¶11}** With both of Sykes' assignments of error having been overruled, the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                                   _____

                                                   JULIE A. SCHAFER
                                                   FOR THE COURT

MOORE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

ALONZO SYKES, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.