[Cite as *State v. Wooden*, 2016-Ohio-7465.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 28108 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOHN L. WOODEN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2001-07-1646 |

DECISION AND JOURNAL ENTRY

Dated: October 26, 2016

SCHAFER, Judge.

{¶1} Appellant-Defendant, John Wooden, appeals the judgment of the Summit County Court of Common Pleas denying his motion to vacate sentence. We affirm.

I.

{¶2} This case arises from two incidents which occurred in 2001. The substantive facts of the incident included the kidnapping and rape of a thirteen-year-old girl and are set forth in this Court's prior decision of *State v. Wooden*, 9th Dist. Summit No. 21138, 2003-Ohio-1917 (*Wooden I*).

{¶3} Much of the procedural history of this case was set for by this Court in an appeal subsequent to *Wooden I*, but prior to the instant appeal. *See State v. Wooden*, 9th Dist. Summit No. 25607, 2011-Ohio-4942 (*Wooden II*). In *Wooden II*, we stated:

Wooden was initially indicted by the Summit County Grand Jury on July 6, 2001. The State subsequently supplemented the indictment on two separate occasions. Wooden was indicted on two counts of rape, in violation of R.C. 2907.02(A)(2); two counts of kidnapping, in violation of R.C. 2905.01(A)(4); two counts of gross

sexual imposition, in violation of R.C. 2907.05(A)(1); one count of attempted rape, in violation of R.C. 2923.02 and R.C. 2907.02(A)(2); and one count of burglary, in violation of R.C. 2911.12(A)(1). Wooden pleaded not guilty to the charges and the matter proceeded to a jury trial. Wooden was found guilty of each count in the indictment with the exception of the burglary charge. The trial court then sentenced Wooden to a total of twenty-nine years of incarceration. The trial court issued its sentencing entry on May 14, 2002. After a subsequent hearing, the trial court found Wooden to be a sexual predator.

On June 11, 2002, Wooden filed a notice of appeal. On appeal, Wooden raised seven assignments of error. This Court affirmed his convictions on April 16, 2003. Wooden filed a notice of appeal to the Supreme Court of Ohio. On December 24, 2003, the Supreme Court denied Wooden's motion for leave to file a delayed appeal. *State v. Wooden,* 100 Ohio St.3d 1543, 2003–Ohio–6879.

On April 20, 2006, Wooden filed a pro se motion for resentencing on the basis that his sentence was unlawful in light of the Supreme Court of Ohio's decision in *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856. The State responded by arguing that Wooden's motion did not satisfy the requirements for a petition for post-conviction relief. The trial court denied the motion on May 4, 2006.

On June 18, 2010, Wooden filed a pro se motion to impose a lawful sentence on the basis that his original sentence did not contain proper notification of post-release control. On June 28, 2010, the trial court issued an order directing the Summit County Sherriff to return Wooden to the courthouse for re-sentencing. On July 2, 2010, Wooden filed a pro se motion to dismiss on the basis that the indictment was not sufficient to charge an offense. A resentencing hearing was held on September 15, 2010. Wooden was represented by counsel at the hearing. At that time, the trial court denied Wooden's motion to dismiss and re-imposed the original term of incarceration. The trial court also informed Wooden that he would be subject to a mandatory term of five years on post-release control upon his release from prison because he had been found guilty of a first degree felony. The trial court further found Wooden to be a sexual predator. The trial court issued its sentencing entry on September 21, 2010.

*Id.* at ¶ 3-6.

{¶4} Wooden appealed the September 21, 2010 sentencing entry raising two assignments of error. *Id.* at ¶ 7. This Court affirmed the trial court's imposition of post-release control, but vacated the reissued sentence, reasoning that "the lawful portion of Wooden's original sentence remained in place pursuant to *Fischer*" and that "the trial court did not have

authority to conduct a de novo sentencing hearing and reissue a sentence." *Id.* at ¶ 18, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph two of the syllabus.

{¶5}    On November 4, 2015, Wooden filed a pro se motion to vacate his sentence on the basis that his original sentence failed to state reasoning for the imposition of consecutive sentences, did not specify the sequence and order of the consecutive sentences, and that his kidnapping and rape convictions should have been merged as allied offenses of similar import. The trial court denied the motion, finding Wooden's claims were barred by res judicata.

{¶6}    Wooden filed this timely appeal, raising one assignment of error for our review.

II.

**ASSIGMENT OF ERROR**

[] THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO VACATE JUDGMENT OF SENTENCE BASED ON THE APPLICATION OF RES JUDICATA

{¶7}    In his sole assignment of error, Wooden contends the trial court erred when it found that his motion to vacate his sentence was barred by res judicata because the original journal entry of sentence was void and not a final appealable order.    Specifically, he argues his original sentence was void because it failed to notify him of the post-release control requirement, failed to state reasoning for the imposition of consecutive sentences, failed specify the sequence and order of the consecutive sentences, and failed to merge his kidnapping and rape convictions as allied offenses of similar import.  We disagree.

{¶8}    A trial court's determination of whether res judicata bars an action is a question of law which we review de novo.  *State v. Washington*, 9th Dist. Summit No. 25784, 2011-Ohio-6600, ¶ 10.  The Supreme Court of Ohio has articulated the doctrine of res judicata as follows:

Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, *or on an appeal from that judgment*.

(Emphasis added). *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. This Court has consistently "recognized that, by the plain language of *Perry*, 'the doctrine of res judicata is directed at procedurally barring convicted defendants from relitigating matters which were, or could have been, litigated on direct appeal.'" *State v. Brown*, 9th Dist. Summit No. 26427, 2012-Ohio-5484, ¶ 10, quoting *State v. Widman*, 9th Dist. Lorain No. 00CA007681, 2001 WL 519493, *1 (May 16, 2001).

{¶9} Contrary to Wooden's contention that his sentence was void because it failed to notify him of the post-release control requirement, "[t]he Supreme Court of Ohio has held that an error in post-release control notification does not result in a void sentence" and "that res judicata 'applies to other aspects of the merits of a conviction, including the determination of guilt and *the lawful elements of the ensuing sentence*.'" (Emphasis added). *Wooden II*, 2011-Ohio-4942 at ¶ 16, quoting *Fischer*, 128 Ohio St.3d 92, at paragraph three of the syllabus. Additionally, in *Wooden II*, this Court concluded that Wooden's original sentence was lawful. *See Id.* at ¶ 18. "[T]he doctrine of the law of the case * * * establishes that the 'decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.'" *Hood v. Diamond Prod., Inc.*, 137 Ohio App.3d 9, 11 (9th Dist.2000), quoting *Pipe Fitters Union Local No. 392 v. Kokosing Constr. Co., Inc.*, 81 Ohio St.3d 214, 218 (1998).

{¶10} Accordingly, we determine the issues Wooden has raised in the instant appeal are barred under the doctrine of res judicata. Wooden exercised his right to appeal to this Court in

2002 and failed to raise the claims that his original sentence failed to state reasoning for the imposition of consecutive sentences, did not specify the sequence and order of the consecutive sentences, and that his kidnapping and rape convictions should have been merged as allied offenses of similar import. *See Wooden I*, 2003-Ohio-1917. As Wooden could have, but failed to raise the issues presented in his motion to vacate on direct appeal, he is now barred from contesting them. *See State v. Chapin*, 10th Dist. Franklin No. 14AP-1003, 2015-Ohio-3013, ¶ 8 (compiling cases in support of conclusion that a claim that a trial court erred by imposing consecutive sentences was barred by res judicata because it could have been raised on direct appeal); *State v. Brown,* 8th Dist. Cuyahoga No. 84322, 2004-Ohio-6421, ¶ 10 (holding that an allegation that consecutive sentences were imposed without making findings and without giving reasons is barred by res judicata); *State v. O'Neal*, 9th Dist. Medina No. 10CA0140-M, 2012-Ohio-396, ¶ 6 ("[Defendant] may not contest the trial court's decision not to merge his kidnapping and felonious assault convictions, which is an issue that he could have raised in a prior appeal.").

{¶11} Therefore, Appellant's assignment of error is overruled.

### III.

{¶12} Having overruled Appellant's sole assignment of error, the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

JOHN L. WOODEN, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.