[Cite as *State v. Wilson*, 2019-Ohio-4337.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.     29375 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TRAMMEL WILSON | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     CR-2012-02-0332 |

DECISION AND JOURNAL ENTRY

Dated: October 23, 2019

SCHAFER, Judge.

{¶1}   Appellant-Defendant, Tramell Wilson, appeals the judgment the Summit County Court of Common Pleas denying his postconviction motion to delete void sentencing specification on the basis of res judicata.  This Court affirms.

I.

{¶2}   This is Wilson's fourth appeal.  We previously set for the substantive facts and procedural history of this case as follows:

> In June 2011, Wilson instigated a confrontation with two men outside of a nightclub in Akron.  During the course of the confrontation, Wilson pulled out a gun, shot at one of the men, and actually shot the second man multiple times.  A grand jury indicted Wilson on two counts of felonious assault and one count of having a weapon while under disability.  Each felonious assault count also contained a repeat violent offender specification, pursuant to R.C. 2941.149, and a firearm specification, pursuant to R.C. 2941.145.  A jury found Wilson guilty on both of his felonious assault counts, the firearm specifications linked to those counts, and his weapon under disability count.  Thereafter, Wilson stipulated that he had a prior felonious assault conviction and, due to his prior conviction, qualified as a repeat violent offender.

The court merged Wilson's repeat violent offender specifications for purposes of sentencing, but sentenced him on all of his remaining counts. Specifically, the court sentenced Wilson to (1) three years on his repeat violent offender specification; (2) six years on each of his felonious assault counts; (3) three years on each of his firearm specifications; and (4) 36 months on his weapon under disability count. The court ordered each of Wilson's prison terms to run consecutively with the exception of the weapon under disability count. Thus, the court sentenced Wilson to a total of 21 years in prison.

On appeal from his convictions, Wilson argued that the trial court erred by failing to merge his convictions for felonious assault and having a weapon under disability. *See State v. Wilson*, 9th Dist. Summit No. 26683, 2014-Ohio-376, ¶ 41 [(*Wilson I*)]. Because there was no evidence that the trial court had analyzed the merger issue under *State v. Johnson,* 128 Ohio St.3d 153, 2010–Ohio–6314, we determined that the trial court had to apply *Johnson* in the first instance. Consequently, we remanded the matter to the trial court "for it to apply *Johnson* and to determine whether the felonious assault and having weapons under disability offenses should merge." *Id.*

On remand, the trial court conducted a new sentencing hearing and ultimately concluded that Wilson's counts for felonious assault and having a weapon under disability should not merge. In keeping with its original decision, the court once again merged Wilson's repeat violent offender specifications and sentenced him to a total of 21 years in prison. Nevertheless, the court changed the individual prison terms that it had originally ordered Wilson to serve. The court sentenced Wilson to (1) ten years on his repeat violent offender specification; (2) eight years on each of his felonious assault counts; (3) three years on each of his firearm specifications; and (4) 36 months on his weapon under disability count. The court then ordered the ten-year repeat violent offender specification, one of the eight-year felonious assault counts, and one of the three-year firearm specifications to be served consecutively to reach the 21-year total. The court ordered the remaining counts to run concurrently.

*State v. Wilson*, 9th Dist. Summit No. 27361, 2015-Ohio-2023, ¶ 2-5 ("*Wilson II*"). Wilson subsequently appealed the trial court's second sentencing entry, arguing that the trial court had erred when it increased his prison terms on his repeat violent offender specifications and his felonious assault.

In *Wilson II*, this Court concluded that the trial court had exceeded the scope of the remand and lacked the authority to conduct a de novo sentencing hearing and to increase [ ]Wilson's sentence on his repeat violent offender specifications. *Id.* at ¶ 13. It determined, however, that since [ ]Wilson's sentences for felonious assault were reversed on appeal in [*Wilson I* ], those sentences were properly

before the trial court and the trial court had the authority to resentence him on those counts. *Id.* at ¶ 15. Accordingly, this Court remanded the matter to the trial court for further proceedings consistent with *Wilson II*.

On remand, the trial court held a third sentencing hearing and re-imposed [ ]Wilson's original sentence in a subsequent journal entry. Specifically, the trial court again merged [ ]Wilson's repeat violent offender specifications for purposes of sentencing, and then sentenced Wilson to: (1) three years on the merged repeat violent offender specification; (2) six years on each of the felonious assault counts; (3) three years on each of the firearm specifications; and (4) 36 months on the weapon under disability count. The trial court ordered each of the prison sentences to run consecutively with the exception of the weapon under disability count, which was to run concurrently. In total, the trial court sentenced Mr. Wilson to 21 years.

*State v. Wilson*, 9th Dist. Summit No. 28187, 2017-Ohio-8152, ¶ 3-4 ("*Wilson III*"). Wilson again appealed, arguing that the trial court failed to comply with this Court's remand in *Wilson II*. The lead opinion of this Court ultimately overruled Wilson's assignment of error, concluding that "Wilson [had] not demonstrated by clear and convincing evidence that the trial court acted contrary to law when it re-imposed his original sentence." *Id.* at ¶ 10.

{¶3} Wilson subsequently filed a motion to delete void sentencing specification, arguing that his three-year term of imprisonment on his merged repeat violent offender specifications was void because he had not been sentenced to the maximum term of imprisonment for the underlying offense of felonious assault. The State filed a memorandum in opposition to Wilson's motion. The trial court thereafter denied Wilson's motion without a hearing, determining that the arguments presented were barred by res judicata.

{¶4} Wilson filed this timely appeal, raising two assignments of error for our review. For ease of analysis, We elect to consider the assignments of error together.

II.

**Assignment of Error I**

**[Wilson]'s three-year sentencing enhancement pursuant to [R.C. 2941.149] is void because he was not sentenced to the maximum sentence for the underlying conviction of [f]elonious [a]ssault.**

**Assignment of Error II**

**The trial court erred by finding that review of the void [r]epeat [v]iolent [o]ffender sentence enhancement challenge was barred by res judicata.**

{¶5}    In his first assignment of error, Wilson argues that his three-year repeat violent offender sentencing enhancement is void because he was not sentenced to the maximum sentence for his underlying offense of felonious assault.  In his second assignment of error, Wilson argues that the trial court erred in applying res judicata to his motion to delete void sentencing specification.

{¶6}    We review a trial court's determination that res judicata bars an action de novo. *State v. Wooden*, 9th Dist. Summit No. 28108, 2016-Ohio-7465, ¶ 8.  "The doctrine of res judicata 'bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal.'"  *State v. Boware*, 9th Dist. Summit No. 27466, 2014-Ohio-5779, ¶ 6, quoting *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59.  Consequently, "[m]ost sentencing challenges must be brought by a timely direct appeal."  *State v. Ibn-Ford*, 9th Dist. Summit No. 27380, 2015-Ohio-753, ¶ 7.  However, "res judicata does not preclude review of a void sentence[.]"  *State v. Allshouse*, 9th Dist. Summit No. 27901, 2016-Ohio-5210, ¶ 9, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph three of the syllabus.

{¶7}    On appeal, Wilson argues that his three-year repeat violent offender sentence enhancement is void because he was not sentenced to the maximum sentence for felonious

assault. In response, the State argues that Wilson's repeat violent offender sentence was not void, but merely voidable. "A void sentence is one that a court imposes despite lacking subject-matter jurisdiction or the authority to act. Conversely, a voidable sentence is one that a court has jurisdiction to impose, but was imposed irregularly or erroneously." (Internal citation omitted.) *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 27. The Supreme Court has stated that "[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." *State v. Beasley*, 14 Ohio St.3d 74, 75 (1984).

**{¶8}** Nonetheless, this Court has consistently recognized that "'the Ohio Supreme Court has applied its void-sentence analysis in limited circumstances[ ] [and] [t]his Court will not extend its reach without clear direction from the Supreme Court.'" *State v. Occhipinti*, 9th Dist. Lorain No. 15CA010787, 2016-Ohio-1286, ¶ 5, quoting *State v. Culgan*, 9th Dist. Medina No. 09CA0060-M, 2010-Ohio-2992, ¶ 20; *see State v. Slaughter*, 9th Dist. Lorain No. 18CA011293, 2019-Ohio-2154, ¶ 9. Wilson has not cited, and we are unable to find, any authority holding that a sentencing error regarding the failure to impose a maximum sentence in an underlying offense renders the imposition of a sentence enhancement on a repeat violent offender specification void and, therefore, exempt from the preclusive effect of res judicata. *See* App.R. 16(A)(7). "Consistent with our precedent, we will not reach that result in this case." *Occhipinti* at ¶ 5.

**{¶9}** Because Wilson could have raised his argument pertaining to his sentence in a prior appeal, he is now barred from asserting this argument under the doctrine of res judicata. *Id.i* at ¶ 6, quoting *State v. Williams*, 9th Dist. Summit No. 27482, 2015-Ohio-2632, ¶ 7. Therefore, we conclude that the trial court did not err by determining that Wilson's motion was barred. Wilson's assignments of error are overruled.

III.

**{¶10}** Wilson's first and second assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.

APPEARANCES:

DAVID L. DOUGHTEN, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.