[Cite as *State v. Higgins*, 2020-Ohio-2914.]

STATE OF OHIO      )            IN THE COURT OF APPEALS
                       )ss:        NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT      )

| | |
|---|---|
| STATE OF OHIO | C.A. No.     29628 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TOMMY W. HIGGINS, JR. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     CR 13 04 0884 |

DECISION AND JOURNAL ENTRY

Dated: May 13, 2020

CALLAHAN, Presiding Judge.

{¶1} Appellant, Tommy Higgins, appeals an order of the Summit County Court of Common Pleas that denied his "Motion to Correct Illegal Sentence." This Court affirms.

I.

{¶2} Mr. Higgins pleaded guilty to two counts of intimidation of a crime victim or witness in 2014. The trial court sentenced him to prison but suspended the prison sentences on the condition that Mr. Higgins successfully complete one year of community control. Mr. Higgins did not file a direct appeal. In 2015, the trial court found that Mr. Higgins had violated the terms of community control and imposed the previously-suspended prison terms, to be served consecutively to the sentence imposed in the case arising out of the community control violation.[1] Beginning in 2015, Mr. Higgins filed numerous motions attacking his sentence, variously styled

---

[1] Mr. Higgins did attempt to appeal the order that imposed the prison terms. This Court dismissed his first attempted appeal as untimely. This Court denied his motion for a delayed appeal in his second attempt.

as motions to vacate a judgment or motions to correct an illegal sentence. Mr. Higgins withdrew some of these motions while continuing to file others. On February 12, 2019, the trial court denied all of his pending motions, concluding that they were untimely petitions for postconviction relief or, in the alternative, that Mr. Higgins' claims were res judicata. Mr. Higgins appealed, and this Court affirmed the trial court's judgment. *State v. Higgins*, 9th Dist. Summit No. 29324, 2019-Ohio-3081.

{¶3} On August 12, 2019, Mr. Higgins filed a "Motion to Correct Illegal Sentence," which he supplemented on August 21, 2019. On December 20, 2019, the trial court denied his motion, construing it as an untimely petition for postconviction relief. In the alternative, the trial court noted that any error in the original imposition of community control in Mr. Higgins' sentence was voidable and, therefore, res judicata. Mr. Higgins filed this appeal

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED BY IMPOSING ONE SENTENCE OF COMMUNITY CONTROL FOR MULTIPLE CONVICTIONS; THE SENTENCE IS CONTRARY TO LAW AND VOID[.]

{¶4} Mr. Higgins' assignment of error reiterates the arguments that he made in his motion to the trial court, and the essence of his assignment of error is that the trial court erred by denying his "Motion to Correct Illegal Sentence." This Court disagrees.

{¶5} This Court must first consider the nature of the motion at issue in this appeal. R.C. 2953.21(A)(1)(a) provides:

Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking

the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.

This Court may construe an irregular motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12. "A vaguely titled motion, including a motion to correct or vacate a judgment or sentence," may be treated as a petition for postconviction relief under R.C. 2953.21(A)(1) when the motion was filed after a direct appeal, alleged a denial of constitutional rights, sought to render the judgment void or voidable, and requested that the judgment and sentence be vacated. *State v. Davis*, 9th Dist. Medina No. 15CA0004-M, 2015-Ohio-5182, ¶ 6, citing *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997); R.C. 2953.21(A)(1)(a). This Court has characterized similar motions as petitions for postconviction relief. *See*, *e.g.*, *Higgins*, 2019-Ohio-3081, at ¶ 9-10; *State v. Walker*, 9th Dist. Summit No. 29151, 2019-Ohio-605, ¶ 7. As the trial court concluded, Mr. Higgins' motion is appropriately considered to be a petition for postconviction relief.

{¶6} R.C. 2953.21(A)(2)[2] provides that a petition for postconviction relief must be filed within 365 days of the date on which the transcript is filed in a direct appeal or, if no direct appeal is taken, within 365 days of the expiration of the time for filing an appeal. Mr. Higgins' sentencing entry was dated February 21, 2014. He did not file a direct appeal, so under R.C. 2953.21(A)(2), he had until March 24, 2015, to petition for postconviction relief.[3] Mr. Higgins filed his petition on August 12, 2019, more than four years after that deadline passed. In addition, "R.C. 2953.23(A)

---

[2] Mr. Higgins filed his petition on August 12, 2019, so the current versions of the postconviction statutes apply in this case. *See State v. Stephens*, 9th Dist. Summit No. 27957, 2016-Ohio-4942, ¶ 6. *See also State v. McManaway*, 4th Dist. Hocking No. 16CA8, 2016-Ohio-7470, ¶ 11 (explaining that "the triggering event is the filing of the postconviction petition, which determines the applicable version of the statute.").

[3] Because March 23, 2014, was a Sunday, Mr. Higgins' deadline for filing a direct appeal was Monday, March 24, 2014.

allows a prisoner to file only one postconviction petition in most situations." *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 21. Mr. Higgins' current petition also represents at least the second that he has filed. *See Higgins* at ¶ 10. Mr. Higgins' petition, therefore, is both untimely and successive. *See Apanovitch* at ¶ 21.

{¶7} "R.C. 2953.23(A) permits a prisoner to file an untimely, successive petition for postconviction relief only under specific, limited circumstances." *Id.* at ¶ 22. A trial court may only entertain an untimely or successive petition for postconviction relief when:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

R.C. 2953.23(A)(1)(a). A petitioner, other than one who challenges a sentence of death, must also demonstrate by clear and convincing evidence "that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted." R.C. 2953.23(A)(1)(b). When the requirements of R.C. 2953.23(A)(1) have not been met, a trial court cannot consider an untimely or successive petition. *See Apanovitch* at ¶ 36.

{¶8} Mr. Higgins' petition did not explain why he was unavoidably prevented from discovering the facts upon which it was based, and it did not identify a retroactive right that has been recognized by the United States Supreme Court. *See* R.C. 2953.23(A)(1)(a). Because Mr. Higgins has not satisfied that requirement, we conclude that the trial court could not consider his untimely and successive petition and need not address whether he has satisfied the requirements of R.C. 2953.23(A)(1)(b). *See Apanovitch* at ¶ 26.

{¶9} Mr. Higgins' suggestion that his sentences are void does not change this result. This Court has recognized that the Supreme Court applies its void-sentence analysis only in limited

circumstances and, without clear direction from the Supreme Court, this Court has declined to extend its reach. *State v. Wilson*, 9th Dist. Summit No. 29375, 2019-Ohio-4337, ¶ 8. The trial court had jurisdiction over Mr. Higgins' criminal case, and when a sentencing court has jurisdiction and statutory authority to act, errors in sentencing are voidable. *State ex rel. Rodriguez v. Barker*, 158 Ohio St.3d 39, 2019-Ohio-4155, ¶ 9.

{¶10} Mr. Higgins' assignment of error is overruled.

III.

{¶11} Mr. Higgins' assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

―――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

TOMMY W. HIGGINS, JR., pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.