[Cite as *State v. Heavilin*, 2016-Ohio-1284.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

    v.

DENNIS HEAVILIN

    Appellant

C.A. No.     15CA0034-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.     11-CR-0175

DECISION AND JOURNAL ENTRY

Dated: March 28, 2016

---

MOORE, Judge.

{¶1} Defendant-Appellant, Dennis Heavilin, appeals from the March 18, 2015 sentencing entry of the Medina County Court of Common Pleas. For the following reasons, this Court dismisses the appeal.

I.

{¶2} In 2012, Mr. Heavilin pleaded no contest to two counts of vandalism, one count of inducing panic, and two counts of intimidation. Each of the five counts also included an attendant firearm specification, and Mr. Heavilin likewise pleaded no contest to the five specifications. The court accepted his plea and found him guilty of the five charges and specifications.

{¶3} The court determined that Mr. Heavilin's two vandalism charges were allied offenses of similar import, as were his two counts of intimidation. After the State elected the counts upon which it wished to proceed, the court sentenced Mr. Heavilin to six months in prison

on his vandalism count, six months in prison on his inducing panic count, one year in prison on his intimidation count, and "3 years on the Firearm Specification, R.C. 2941.145." The court ordered the former three counts to run concurrently with one another but consecutively to the firearm specification for a total of four years in prison. It further ordered that "post release control is optional in this case for a period of 3 years * * *." Mr. Heavilin did not attempt to appeal from the court's sentencing entry.

{¶4} Subsequently, the State filed a motion to correct the imposition of Mr. Heavilin's post-release control. The trial court held a resentencing hearing at which it informed him that he would be subject to a mandatory three years of post-release control on his intimidation count. The court then issued a sentencing entry to that effect. Much like Mr. Heavilin's original sentencing entry, the entry ordered him to serve six months in prison on his vandalism count, six months in prison on his inducing panic count, one year in prison on his intimidation count, and "3 years on the Firearm Specification, R.C. 2941.145."

{¶5} Mr. Heavilin now appeals from the court's sentencing entry and raises two assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED IN ISSUING A SUBSEQUENT SENTENCING ORDER THAT MODIFIED A PRIOR RULING INVOLVING POST RELEASE CONTROL[.]

**ASSIGNMENT OF ERROR II**

WHEN A TRIAL JUDGE HAS BEEN RECUSED FROM A CASE, THAT JUDGE CANNOT HEAR SUBSEQUENT MOTIONS OR MAKE ANY FURTHER RULINGS ON THAT CASE FROM THE RECUSAL DATE. ANY SUCH RULING IS AN IMPERMISSIBLE RULING BY THE TRIAL COURT AND MUST BE VACATED.

{¶6}   In his assignments of error, Mr. Heavilin challenges the trial court's authority to issue a new sentencing entry as well as the contents of the entry.  Because Mr. Heavilin has not appealed from a final, appealable order, however, we cannot address the merits of his assignments of error.

{¶7}   This Court is obligated to raise sua sponte questions related to our jurisdiction. *Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972).  We only have jurisdiction to hear appeals from final judgments.  Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2501.02.  In the absence of a final, appealable order, this Court must dismiss the appeal for lack of jurisdiction.  *Lava Landscaping, Inc. v. Rayco Mfg., Inc.*, 9th Dist. Medina No. 2930-M, 2000 WL 109108, *1 (Jan. 26, 2000).

{¶8}   Mr. Heavilin pleaded no contest to all of the charges in his indictment, including five firearm specifications.  The court accepted his plea and found him guilty of all five charges and all five firearm specifications.  After the court concluded that two of his charges should merge as allied offenses, three charges and three firearm specifications remained.  *See State v. Roper*, 9th Dist. Summit Nos. 26631 & 26632, 2013-Ohio-2176, ¶ 11 (court cannot sentence offender on attendant firearm specification "when the underlying offense upon which the specification is predicated has merged with another allied offense").  The court, however, only sentenced Mr. Heavilin on three charges and one firearm specification.  Specifically, it ordered him to serve a total of one year on his three charges and "3 years on the Firearm Specification, R.C. 2941.145."  The court did not identify the specific firearm specification to which its three-year sentence pertained; nor did it address the two remaining firearm specifications.

{¶9}   This Court has "previously concluded that 'a Journal Entry must dispose of all charges brought in a single case against a defendant in order to be final.'"  *State v. Roberson*, 9th

Dist. Lorain No. 09CA0099555, 2009-Ohio-6369, ¶ 6, quoting *State v. Goodwin*, 9th Dist. Summit No. 23337, 2007-Ohio-2343, ¶ 13. "This analysis applies not only to the offense as charged, but also to any specifications charged." *State v. Hayes*, 9th Dist. Lorain No. 99CA007416, 2000 WL 670672, *1 (May 24, 2000). Accordingly, "a journal entry that neglects to sentence on a specification is [] not a final appealable order." *Id.*

{¶10} Because the trial court only sentenced Mr. Heavilin on one of his firearm specifications and neglected to address his remaining two firearm specifications, the court's sentencing entry is not a final, appealable order.[1] *See Roberson* at ¶ 6; *Hayes* at *1. This Court, therefore, lacks jurisdiction to hear the merits of Mr. Heavilin's attempted appeal.

III.

{¶11} Because Mr. Heavilin has not appealed from a final, appealable order, this Court cannot consider the merits of his assignments of error. The attempted appeal is dismissed for lack of jurisdiction.

Appeal dismissed.

_____

---

[1] We acknowledge that R.C. 2929.14(B)(1)(b) does not permit a trial court to impose more than one prison term on firearm specifications "for felonies committed as part of the same act or transaction." If, in fact, the court determined that Mr. Heavilin's felonies were committed as part of the same act or transaction, it would have been inappropriate for the court to sentence him on more than one of his firearm specifications. *See* R.C. 2929.14(B)(1)(b). It is not clear from the record, however, that the court ever made that determination. Further, if the court found that some or all of Mr. Heavilin's felonies were not committed as part of the same act or transaction, then it was required to sentence him on the specifications linked to those felonies. *See* R.C. 2929.14(B)(1)(a)(ii). Because we cannot discern from the record whether the court intentionally chose not to sentence Mr. Heavilin on his outstanding firearm specifications or whether it simply failed to address them, we have no choice but to dismiss the appeal for lack of a final, appealable order.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

CONRAD G. OLSON, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.