[Cite as *State v. Walker*, 2018-Ohio-1146.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 28836 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ANTHONY MAURICE WALKER | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-1990-05-0801 |

DECISION AND JOURNAL ENTRY

Dated: March 28, 2018

SCHAFER, Presiding Judge.

{¶1} Defendant-Appellant, Anthony Maurice Walker, appeals the October 12, 2017 journal entry from the Summit County Court of Common Pleas denying his motions for sentencing. This Court affirms.

I.

{¶2} On July 24, 1990, Walker retracted his not guilty plea, and entered a plea of guilty to one count of aggravated murder with a death penalty specification, one count of rape, and one count of aggravated burglary. Walker waived his right to have his case presented to a three judge panel, and the matter proceeded to a hearing before a single judge to determine the imposition of the sentence for the capital offense of aggravate murder. The trial court found that the mitigating factors outweighed the aggravating circumstances and did not impose the death penalty.

{¶3} In the sentencing entry of July 24, 1990, the trial court ordered that Walker

be committed to the Ohio Department of Rehabilitation and Correction for the REMAINDER OF HIS NATURAL LIFE, with parole eligibility after Thirty (30) Full Years, pursuant to [R.C.] 2929.03(D)(3)(b), for punishment of the crime of AGGRAVATED MURDER, [R.C.] 2903.01(B), a special felony; for an indeterminate period of not less than Ten (10) Years and not more than the maximum of Twenty-five (25) Years for punishment of the crime of RAPE, [R.C.] 2907.02(A)(2), an aggravated felony of the first (1st) degree, and for an indeterminate period of not less than Ten (10) Years and not more than the maximum of Twenty-five (25) Years for punishment of the crime of AGGRAVATED BURGLARY, [R.C.] 2911.11(A)(3), an aggravated felony of the first (1st) degree * * *.

The trial court ordered that the sentence imposed on each of the three counts be served concurrently. Walker did not appeal his conviction.

{¶4} Walker continued to serve his sentence and nearly twenty-seven years passed before Walker started filing a series of motions with the trial court. Walker has appealed the trial court's journal entry dated October 10, 2017, which was filed on October 12, 2017. This journal entry denied Walker's two motions for sentencing—one filed August 25, 2017, and the other filed September 12, 2017—but did not address any of Walker's other motions.

{¶5} Walker now appeals from that order raising three assignments of error for our review. For ease of analysis, we elect to review Walker's assignments of error out of order.

II.

**Assignment of Error III**

Whether a trial court may summarily deny ('without a hearing') a properly pled and substantively supported motion for: "relief from a dormant judgment," filed pursuant to: O.R.C. 2325.15 through 2325.17, where the record on its face presents a prima facie case that: (1) the underlying judgment was/is void ab initio and therefore unenforceable from its inception; (2) that the defendant had served the requisite (5) five year period for dormancy; and, (3) a mandatory 'show cause hearing' was required to satisfy requirement(s) of due process. (Quotations and citations omitted.)

{¶6}    The record reflects that Walker filed a motion for relief from dormant judgment on September 12, 2017. However, that motion was not disposed of in the order from which Walker has appealed: the October 12, 2017 journal entry denying Walker's motions for sentencing. Indeed, based on our review of the record it does not appear that the trial court has entered an order ruling on the motion for relief from dormant judgment.

{¶7}    This Court has jurisdiction to hear appeals only from final orders or judgments as provided by R.C. 2505.02(B). Pursuant to App.R. 4(A)(1) "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." Furthermore, a "notice of appeal * * * shall designate the judgment, order or part thereof appealed from * * *." App.R. 3(D). Walker has not demonstrated that the trial court made a final order with respect to his motion for relief from dormant judgment, and he has failed to designate any order denying such motion in his notice of appeal.

{¶8}    "In the absence of a final, appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction." *Jay-Seicean v. Seicean*, 9th Dist. Lorain No. 17CA011115, 2018-Ohio-891, ¶ 6. We conclude that this Court lacks jurisdiction to consider the merits of Walker's arguments regarding his motion for relief from dormant judgment. Walker's third assignment of error is dismissed for lack of jurisdiction.

**Assignment of Error I**

Whether the trial court's denial of [Walker]'s motions(s) for sentencing and relief from "dormant judgment" did constitute an abuse of discretion thus violating due process where the record on its face presented a prima facie case for the requested relief. (Quotations and citations omitted.)

**Assignment of Error II**

Whether a defendant, charged with capital murder, may [plead] guilty to such specification ('before a single judge') on the government's assurance that it will not seek the death penalty. (Quotations and citations omitted.)

{¶9}   As indicated in our resolution of his third assignment of error, Walker's motion for relief from a dormant judgment is not before this Court on appeal. Our review is limited to Walker's argument that the trial court abused its discretion when it denied his motions for sentencing. Because Walker's arguments in his first and second assignments of error are somewhat intertwined, we will address them together.

{¶10}  Walker contends that the trial court erred in denying his motion for sentencing because his sentence is void. "'In general, a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act.'" *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 6, quoting *State v. Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 27. A void sentence is subject to review at any time. *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, ¶ 22, citing *Fisher* at ¶30. However, if a sentencing court acted pursuant to its jurisdiction and statutory authority, errors in sentencing would not render the sentence void and such errors must be challenged by a direct appeal. *Williams* at ¶ 23, citing *Fisher* at ¶ 6-7. If a defendant could have raised arguments alleging sentencing errors in a direct appeal, but failed to do so, the doctrine of res judicata precludes the defendant from presenting a later challenge to the sentence. *See State v. Occhipinti*, 9th Dist. Lorain No. 15CA010787, 2016-Ohio-1286, ¶ 4-6.

{¶11}  Walker argues that his sentence is void because a defendant charged with capital murder may not plead guilty before a single judge to a charge that includes a death penalty specification. Citing to R.C. 2945.06, Walker contends that a guilty plea to aggravated murder

must be heard by a three-judge panel. Walker maintains that this requirement is jurisdictional and mandatory.

{¶12} We need not address the merits of Walker's argument because it is barred by res judicata. "The failure of a court to convene a three-judge panel, as required by R.C. 2945.06, does not constitute a lack of subject-matter jurisdiction that renders the trial court's judgment void ab initio and subject to collateral attack in habeas corpus. It constitutes an error in the court's exercise of jurisdiction that must be raised on direct appeal." *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, syllabus. Because Walker failed to raise this issue in a direct appeal, he is now precluded from challenging his sentence on this basis.

{¶13} Walker also contends that the trial court erred in denying his motion for sentencing because the July 24, 1990 sentencing entry imposed "two distinctly different sentences on its journal entry[.]" Walker claims that his sentence is "conflicted and confused" and void for vagueness and uncertainty. Although Walker claims that sentencing entry "is subject to multiple interpretations for lack of clarity[,]" he has not identified any actual ambiguity in the sentence. He contends that a conflict exists because the sentencing entry ordered him to (1) be committed for the remainder of his natural life, *and* (2) indicated that he was eligible for parole after thirty full years.

{¶14} Walker misunderstands the sentencing entry, quoted above, which imposes a sentence of life imprisonment with parole *eligibility* after serving thirty full years of his sentence, in accordance with the version of R.C. 2929.03(D)(3) applicable at the time of Walker's sentencing. There is no conflict in his sentence, which orders Walker to a term of life imprisonment (remainder of his natural life), but provides that, after he serves a minimum of thirty full years of his sentence, he may be eligible for parole. Walker has failed to cite to any

authority to establish that his sentence for aggravated murder is void. Thus, we conclude that he was barred by res judicata from raising this issue after having failed to challenge his sentence in a direct appeal.

{¶15} Walker has not established that any aspect of his sentence is void. As indicated above, Walker failed to file a direct appeal and is now barred by the doctrine of res judicata from asserting these arguments. *See Occhipinti*, 2016-Ohio-1286 at ¶ 6, quoting *State v. Williams*, 9th Dist. Summit No. 27482, 2015-Ohio- 2632, ¶ 7. Accordingly, we conclude that the trial court did not err in overruling Walker's motions to correct sentencing. Walker's first and second assignments of error are overruled.

III.

{¶16} Walker's first and second assignments of error are overruled. Walker's third assignment of error is dismissed for lack of jurisdiction.

Appeal dismissed, in part,
judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.


_____
JULIE A. SCHAFER
FOR THE COURT


TEODOSIO, J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

ANTHONY MAURICE WALKER, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.