[Cite as *State v. Claren*, 2019-Ohio-260.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 17AP0030 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| PAUL CLAREN | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 2016 CRC-I 000289 |

DECISION AND JOURNAL ENTRY

Dated: January 28, 2019

SCHAFER, Presiding Judge.

{¶1} Defendant-Appellant, Paul Claren, appeals the August 24, 2017 journal entry of the Wayne County Court of Common Pleas. For the reasons discussed below, this Court dismisses the appeal.

I.

{¶2} On September 19, 2016, the Wayne County Grand Jury issued an indictment charging Claren for offenses stemming from an August 18, 2016 incident resulting in the death of B.G. Count one charged Claren with aggravated murder in violation of R.C. 2903.01(A), a special felony. Count two charged Claren with murder in violation of R.C. 2903.02(A), a special felony. Counts one and two each included two specifications, respectively: a firearm specification pursuant to R.C. 2941.145(A), and a repeat violent offender specification pursuant to R.C. 2941.149(A). Count three charged Claren with having weapons while under disability, a felony of the third degree, in violation of R.C. 2923.13(A)(2).

{¶3}   Claren entered a plea of not guilty to all charges.  The matter proceeded to a trial before a jury.  After the jury returned the verdicts and following the sentencing hearing, the trial court issued a sentencing entry stating that Claren was guilty of aggravated murder with a firearm specification and having a weapon while under disability.  The sentencing entry also found Claren to be a repeat violent offender, and sentenced Claren accordingly.  Claren now appeals from this journal entry, raising two assignments of error for our review.

II.

### Assignment of Error I

**The failure of the trial court to instruct the jury on the affirmative defense of self-defense, including the "castle instruction" pursuant to R.C. 2901.09 constituted plain error and was an abuse of discretion all to the prejudice of [Claren].**

### Assignment of Error II

**[Claren] received ineffective assistance of counsel when trial counsel failed to object to the trial court's decision to not instruct the jury on self-defense in violation of [Claren]'s rights under the Sixth and Fourteenth Amendments to the United States Constitution.**

{¶4}   Claren's assignments of error challenge the trial court's jury instructions on the affirmative defense of self-defense, and allege ineffective assistance of counsel regarding the jury instructions.  However, because Claren has not appealed from a final appealable order, this Court is unable to address the merits of his assignments of error.

{¶5}   This matter was tried before a jury upon all three counts as charged in the indictment: aggravated murder, with a firearm specification and repeat violent offender specification; murder with a firearm specification and repeat violent offender specification; and having a weapon while under disability.  Upon the conclusion of the trial, the case was submitted to the jury for deliberations.  The jury returned a verdict finding Claren guilty on count one as to

the charge of aggravated murder and the firearm specification. The jury also returned a verdict finding Claren guilty on count three, as to the charge of having a weapon while under disability. The jury did not return a verdict on count two of the indictment.

{¶6}    Regarding count two, in the August 22, 2017 journal entry, the trial court stated "[c]ount [two], [m]urder, is a lesser included offense of [c]ount [one] and given the verdict on [c]ount [one], the jury did not render a verdict on [c]ount [two]." The trial court set the matter over for a sentencing hearing. On August 24, 2017, the trial court issued a journal entry stating the fact of Claren's conviction as to counts one and three, and indicating that the jury did not render a verdict on count two. Further, this August 24, 2017 sentencing entry stated "the court finds that [Claren] is a repeat, violent offender." Ostensibly, the trial court based this finding on the repeat violent offender specification of count one. The trial court then sentenced Claren, on count one, to three years in prison on the firearm specification to run consecutive to a term of life imprisonment without parole on the charge of aggravated murder and, on count three, to three years in prison to run concurrent with the sentence imposed under count one. The trial court did not indicate any verdict or finding as to count two of the indictment, and did not otherwise address its disposition or purport to enter a sentence on that count.

A. **Finality in criminal cases**

{¶7}    This Court is obligated to raise sua sponte questions related to our jurisdiction. *Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). We have jurisdiction to hear appeals from final judgments pursuant to Ohio Constitution, Article IV, Section 3(B)(2) and R.C. 2501.02. If an attempted appeal is not based on a final, appealable order, this Court must dismiss the appeal for lack of jurisdiction. *State v. Walker*, 9th Dist. Summit No. 28836, 2018-Ohio-1146, ¶ 8.

{¶8} A judgment of conviction is a final appealable order pursuant to R.C. 2505.02 when it complies with Crim.R. 32. *See State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330. Crim.R. 32(C) states the elements for a judgment of conviction:

> A judgment of conviction shall set forth the fact of conviction and the sentence. Multiple judgments of conviction may be addressed in one judgment entry. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk.

"A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when the judgment entry sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, paragraph one of the syllabus.

{¶9} Moreover, before a trial court can enter a final judgment, it must resolve each and every charge prosecuted against a defendant. *State v. Jackson*, 9th Dist. Summit No. 28625, 2018-Ohio-19, ¶ 12, quoting *State v. Ford*, 9th Dist. Summit No. 23269, 2006-Ohio-6961, ¶ 6. So long as a judgment of conviction otherwise complies with Crim.R. 32(C) and the requirements stated in *Lester*, the resolution by dismissal as to other charges in a multicount indictment will not prevent a judgment from being final and appealable. *State v. Jackson*, 151 Ohio St.3d 239, 2017-Ohio-7469, ¶ 9. To be final, a journal entry need not include a reiteration of counts and specifications that "'*were resolved in other ways*, such as dismissals, nolled counts, or not guilty findings.'" (Emphasis added.) *State ex rel. Rose v. McGinty*, 128 Ohio St.3d 371, 2011-Ohio-761, ¶ 3, quoting *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas*, 127 Ohio St.3d 29, 2010-Ohio-4728, ¶ 2, quoting *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas*, 8th Dist. Cuyahoga No. 93814, 2010-Ohio-1066, ¶ 8. A court cannot sentence a defendant for a count that has been dismissed or for which he was found not guilty,

therefore, a journal entry need not "contain reference to counts that were *dismissed* or upon which the defendant was *acquitted*," in order to constitute a final appealable order. *State v. Smead*, 9th Dist. Summit No. 24903, 2010-Ohio-4462, ¶ 9-10.

{¶10} This Court recognizes that the trial court is not required to restate the resolution or disposition of counts for which a defendant was *not convicted* in the sentencing entry for that entry to be final and appealable. *See id*. Nonetheless, the trial court must actually resolve and dispose of all charges in the indictment in order to issue a final appealable order. *State v. Heavilin*, 9th Dist. Medina No. 15CA0034-M, 2016-Ohio-1284, ¶ 9.

B. **The order appealed is not final**

{¶11} A journal entry is deficient when it disposes of some charges, but fails to dispose of all pending charges, against the defendant in that case. *State v. Goodwin*, 9th Dist. Summit No. 23337, 2007-Ohio-2343, ¶ 3. Therefore, this Court must look to the record to determine whether the trial court resolved and disposed "of all charges brought in a single case against [Claren]" for there to be a final appealable order in the matter. *State v. Roberson*, 9th Dist. Lorain No. 09CA009555, 2009-Ohio-6369, ¶ 6, quoting *Goodwin*. This requirement applies to the offenses and specifications charged in each count. *Heavilin* at ¶ 9, citing *State v. Hayes*, 9th Dist. Lorain 99CA007416, 2000 WL 670672. *1 (May 24, 2000).

{¶12} The verdict forms, the August 22, 2017 journal entry, and the August 24, 2017 sentencing entry reflect that the jury did not render a verdict as to count two, which charged Claren with the offense of murder and contained two specifications. The trial court implied that it was unnecessary for the jury to make a finding on count two based on the trial court's observation that murder is a "lesser included offense" of aggravated murder. In this case,

however, murder was charged as a separate offense in the indictment and the record does not indicate any manner of resolution or disposition for that count.

{¶13} The procedure in this case is the cause of the defect. Relevant to this discussion are the two separate counts in the indictment charging Claren for aggravated murder and murder. The trial court was required to resolve these counts before it could issue a final and appealable order. Because the second count, which the trial court deemed a lesser included offense, was not resolved, it remains pending. If Claren had been charged only with aggravated murder, and the trial court merely instructed the jury as to the lesser included offense of murder, it would not have been necessary for the trial court to "resolve" that lesser included offense in order to enter a final appealable order. In that instance, a single count of aggravated murder would have been resolved by the jury's verdict on either the indicted count or by consideration of the lesser included offense. The instant matter is distinguishable because Claren was actually indicted on both the greater and lesser offenses, and it was necessary for the trial court to resolve all indicted counts to enter a final appealable order.

{¶14} It is unclear whether the trial court assumed that count two had somehow been implicitly dismissed, or whether the trial court viewed the guilty verdict as to count one for aggravated murder to necessarily result in a finding of guilt on the murder charge of count two. However, if the trial court considered count two to have been resolved in some manner other than a conviction, it failed to journalize and identify the basis for disposition in the record. *See Heavilin*, 2016-Ohio-1284 at ¶ 9; *Roberson*, 2009-Ohio-6369 at ¶ 6. Alternatively, the trial court did not state the fact of conviction as to count two, enter a sentence, or merge the offense for purposes of sentencing and, therefore, failed to enter a final appealable judgment of conviction. *See* Crim.R. 32; *Lester*. Thus, under either view, the trial court did not resolve count two of the

indictment and the judgment of conviction is not a final, appealable order. Consequently, this Court lacks jurisdiction to hear the merits of Claren's attempted appeal.

### III.

{¶15} Having determined that Claren has not appealed from a final, appealable order, this Court is unable to review the merits of Claren's assignments of error. Accordingly, this attempted appeal is dismissed for lack of jurisdiction.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

NORMAN R. "BING" MILLER, Atorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.