[Cite as *State v. Jones*, 2019-Ohio-1870.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.     28547 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| PHILLIP JONES | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     CR-2007-04-1294 |

DECISION AND JOURNAL ENTRY

Dated: May 15, 2019

SCHAFER, Presiding Judge.

{¶1}    Defendant-Appellant, Phillip Jones, appeals the judgment of the Summit County Court of Common Pleas denying his motion for leave to file a motion for a new mitigation trial. For the reasons that follow, we affirm.

I.

{¶2}    Jones was sentenced to death for the rape and murder of S.Y.  The Supreme Court of Ohio affirmed Jones' convictions and sentence of death in *State v. Jones*, 135 Ohio St.3d 10, 2012-Ohio-5677, ¶ 267 ("*Jones I*").  Prior to the release of the Supreme Court's decision in *Jones I*, Jones filed a timely petition for post-conviction relief.  The trial court denied the petition and this Court ultimately affirmed.  *See State v. Jones*, 9th Dist. Summit No. 25695, 2011-Ohio-6063, ¶ 66 ("*Jones II*") (affirming the trial court's decision in part but reversing and remanding for further proceedings on Jones' claim of ineffective assistance of counsel); *State v. Jones*, 9th

Dist. Summit No. 28063, 2019-Ohio-289, ¶ 83 ("*Jones III*") (affirming the trial court's denial of Jones' claim for postconviction relief based on ineffective assistance of counsel).

{¶3} While *Jones III* was pending, Jones filed a motion for leave to file a motion for a new mitigation trial instanter pursuant to Crim.R. 33 and *Hurst v. Florida*, 136 S.Ct. 616 (2016). Attached to the motion was Jones' proposed motion for a new mitigation trial. The State responded in opposition, arguing only that the trial court did not have jurisdiction to consider Jones' motion while *Jones III* was pending. In its journal entry, the trial court determined it had the authority to consider the motion for leave and ultimately denied it.

{¶4} Jones filed this timely appeal, raising two assignments of error for our review. For ease of analysis, we elect to consider the assignments of error together.

II.

{¶5} As an initial matter, we must determine whether we have jurisdiction to consider this appeal. The dissent contends that the trial court's judgment at issue in this matter is void because the trial court did not retain jurisdiction to rule on Jones' motion for leave to file a motion for a new mitigation trial since *Jones III* was pending before this Court at the time his motion for leave was filed. We disagree.

{¶6} Although neither the State nor Jones raised this jurisdictional issue in their merit briefs, "[t]his Court is obligated to raise sua sponte questions related to our jurisdiction." *State v. Claren*, 9th Dist. Wayne No. 17AP0030, 2019-Ohio-260, ¶ 7, citing *Whitaker-Merrell Co. v. Geupel Constr. Co.*, 29 Ohio St.2d 184, 186 (1972). Generally, "[o]nce a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal. [However, t]he trial court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from." (Internal citation

omitted.) *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, ¶ 9, citing *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978). We recognize that this Court has previously stated that "when a trial court rules on a motion for new trial while a direct appeal is pending in a reviewing court, its order is void for want of jurisdiction and we are required to vacate the judgment and remand the matter." *State v. Powell*, 9th Dist. Lorain No. 14CA010642, 2015-Ohio-1879, ¶ 6. However, *Jones III* did not involve a direct appeal and the present case does not involve a judgment on a motion for a new trial. Rather, *Jones III* concerned the trial court's denial of Jones' motion for postconviction relief and the present case involves a judgment on a motion for leave to file a motion for a new trial.

{¶7} Moreover, a motion for a new trial pursuant to Crim.R. 33 and a postconviction petition are separate and distinct postconviction remedies. *State v. Cashin*, 10th Dist. Franklin No. 17AP-338, 2017-Ohio-9289, ¶ 13 ("Crim.R. 33 procedures for a new trial exist independently from the R.C. 2953.21 procedure for postconviction relief."); *see State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, ¶ 14; Crim.R. 33; R.C. 2953.21. "[A] postconviction [relief] proceeding is not a[ direct] appeal of a criminal conviction but, rather, a collateral civil attack on the judgment." *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). A Crim.R. 33 motion for a new trial, on the other hand, is not a collateral attack but is filed in the underlying criminal case. *See Bush* at ¶ 13. Notably, "[t]he Supreme Court [of Ohio] has stated that even after an appellate court affirms a trial court's ruling, the trial court retains jurisdiction over post-trial motions permitted by the Ohio Rules of Criminal Procedure." *State v. Dew*, 7th Dist. Mahoning No. 12 MA 18, 2013-Ohio-2549, ¶ 13, citing *State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028, ¶ 37. Consequently, the trial court retained jurisdiction over all issues not inconsistent with this

Court's jurisdiction to reverse, modify, or affirm the trial court's order denying the motion for postconviction relief.

{¶8} Upon review, we do not find that the trial court's consideration of Jones' procedural motion for leave to file a motion for a new mitigation trial during the pendency of *Jones III* was inconsistent with this Court's ability to act in regard to the trial court's judgment on the motion for postconviction relief. Jones filed his motion for leave on the basis that he was unavoidably prevented from filing his motion for a new mitigation trial within fourteen days of the verdict because *Hurst* was decided nearly eight years after he was sentenced. In contrast, Jones argued in *Jones III* that the trial court had abused its discretion when it denied his motion for postconviction relief filed on the basis of ineffective assistance of counsel. Thus, the issues raised in Jones' motion for leave are wholly unrelated to the issues considered by this Court in *Jones III* and the trial court's grant or denial of the motion for leave would not have altered, modified, or reversed its judgment relating to the denial of Jones' petition for postconviction relief.

### Assignment of Error I

**The trial court erred in denying Jones' motion for leave to file a motion for new mitigation trial without making any determination as to whether Jones was unavoidably prevented pursuant to Crim.R. 33(B) from filing his motion within 14 days after the verdict was rendered.**

### Assignment of Error II

**The trial court erred when it denied Jones' motion for a new mitigation trial when Jones proved that he was sentenced to death under a statutory scheme that violates the Sixth and Fourteenth Amendments of the United States Constitution * * * .**

{¶9} Jones contends in his first assignment of error that the trial court erred when it denied his motion for leave to file a motion for a new mitigation trial without making a

determination as to whether he was unavoidably prevented from filing his motion within 14 days after the verdict was rendered in this case. In the alternative, Jones argues that the trial court's failure to make such a finding "should be construed as a concession that Jones met the requirements of [Crim.R. 33(B)]." In his second assignment of error, Jones argues that the trial court erred when it denied his motion for a new mitigation trial because his motion proved he was sentenced pursuant to a statutory scheme that violates the Sixth and Fourteenth Amendments of the United States Constitution.

{¶10} Jones filed his motion for leave "pursuant to [Crim.R.] 33 and *Hurst v. Florida*," seeking leave to file a motion for a new mitigation trial on the basis of the United States Supreme Court decision in *Hurst*, which declared the State of Florida's capital sentencing scheme to be unconstitutional. *See Hurst*, 136 S.Ct. at 619. In his motion for leave, Jones argued that he was unavoidably prevented from filing his motion within 14 days of the verdict because *Hurst* was decided nearly 8 years after Jones was sentenced and thus, "[a]t sentencing, counsel could not [have] anticipated the United States Supreme Court's holding in *Hurst*[.]" In denying the motion for leave, the trial court determined that Jones' basis for claiming unavoidable delay—the holding in *Hurst*—lacked merit. Specifically, the trial court stated:

> Defendant requests a new mitigation hearing based upon Crim. Rule 33 and *Hurst v. Florida*, ___U.S.___, 136 S.Ct. 616 (2016). However, since the *Hurst* decision, two Ohio Courts, including the Ohio Supreme Court, have found that Ohio's capital sentencing scheme differs from the Florida capital sentencing scheme found to be unconstitutional in *Hurst*. See, *State v. Belton*, 2016-Ohio-1581 and *State v. Mason*, 3d Dist. Marion No. 9-16-34, 2016-Ohio-8400. Moreover, the Ohio Supreme Court declined to review two death penalty cases in which the Defendant requested a review based upon Hurst. See, *State v. Fears*, 147 Ohio St.3d 1439, 2016-Ohio-7681, 63[.]

{¶11} "A trial court's decision to grant or deny a motion for leave to file a delayed motion for a new trial will not be reversed on appeal absent an abuse of discretion." *State v.*

*Davis*, 9th Dist. Lorain No. 12CA010256, 2013-Ohio-846, ¶ 6. Similarly, a trial court's ultimate decision to grant or deny the underlying motion for a new trial is also reviewed for an abuse of discretion. *State v. Gilliam*, 9th Dist. Lorain No. 14CA010558, 2014-Ohio-5476, ¶ 8, citing *State v. Jones*, 9th Dist. Summit No. 26568, 2013-Ohio-2986, ¶ 8. An abuse of discretion implies the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶12} A motion for a new trial, except on the ground of newly discovered evidence, must be filed within fourteen days after the verdict is rendered "unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial[.]" Crim.R. 33(B). "'Although a defendant may file his motion for a new trial along with his request for leave to file such motion, the trial court may not consider the merits of the motion for a new trial until it makes a finding of unavoidable delay.'" *Gilliam*, at ¶ 11, quoting *State v. Covender*, 9th Dist. Lorain No. 11CA010093, 2012-Ohio-6105, ¶ 13; Crim.R. 33(B).

{¶13} On appeal, Jones argues that the trial court's basis for denying his motion for leave concerns only the proposed motion for a new mitigation trial and not the timeliness of the motion for leave. Jones further contends that the trial court erred because it "should have made findings of fact and conclusions of law as to whether or not Jones met the requirements found in Crim.R. 33(B) before dismissing Jones'[s] [m]otion for [l]eave."

{¶14} First, we note that Crim.R. 33 does not explicitly require a trial court to issue findings of fact and conclusions of law and Jones does not cite to any legal authority to support this argument. *See* Crim.R. 33; *see also State v. Elliot*, 1st Dist. Hamilton No. C-020736, 2003-Ohio-4962, ¶ 11. However, our review of the journal entry shows that trial court expressly

denied the motion for leave to file and not the proposed motion for a new trial. Nonetheless, the trial court did not clarify whether it denied the motion for leave upon finding that Jones could not have been unavoidably delayed because the basis for his proposed motion was meritless, or whether, as Jones contends, the trial court disregarded Jones' unavoidable delay argument in support of his motion for leave and instead considered the merits of his proposed motion for a new trial. We determine, however, that remand for clarification is unnecessary since in the case of the former, the trial court would not have abused its discretion, and in the case of the latter, the trial court's error would be harmless. *See Gilliam* at ¶ 11, quoting *State v. Holmes*, 9th Dist. Lorain No. 05CA008711, 2006-Ohio-1310, ¶ 11 (stating that although a trial court may err by collectively entering judgment on both a motion for leave to file a motion for a new trial and the motion for a new trial, such error may be harmless if the trial court's denial of the motion for new trial is dispositive of the unavoidable delay issue).

{¶15} In *Hurst*, the United States Supreme Court invalidated Florida's capital sentencing statute because it limited the jury's role in sentencing to an advisory recommendation and did "not require the jury to make the critical findings necessary to impose the death penalty." *Hurst*, 136 S.Ct. at 622. However, as cited by the trial court below, the Supreme Court of Ohio has expressly recognized that "Ohio's capital-sentencing scheme is unlike the laws at issue in * * * *Hurst*. In Ohio, a capital case does not proceed to the sentencing phase until *after* the fact-finder has found a defendant guilty of one or more aggravating circumstances." *State v. Belton*, 149 Ohio St.3d 165, 2016-Ohio-1581, ¶ 59. Moreover, the Supreme Court of Ohio again rejected the argument that Ohio's death penalty scheme was unconstitutional under *Hurst* when it considered the defendant's appeal of the Third District decision cited by the trial court in its journal entry. *State v. Mason*, 153 Ohio St.3d 476, 2018-Ohio-1462, ¶ 29-43.

**{¶16}** Accordingly, assuming that the court denied the motion for leave on the basis that Jones did not present a meritorious basis for claiming unavoidable delay, we would not be able to say that the trial court abused its discretion. Likewise, if we assume the trial court only considered the merits of his proposed motion, we would also not be able to say that the trial court abused its discretion, as that denial would be dispositive of the unavoidable delay issue. *See Gilliam* at ¶ 11, quoting *Holmes* at ¶ 11.

**{¶17}** Therefore, Jones' assignments of error are overruled.

### III.

**{¶18}** Jones' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, J.
CONCURS.

CARR, J.
DISSENTING.

**{¶19}** I respectfully dissent. As noted by the majority, Jones filed his motion for a new mitigation trial while *Jones III* was pending before this Court. "An appeal is perfected when a written notice of appeal is filed[.]" R.C. 2505.04. "Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal." *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, ¶ 9. "The trial court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from." *Id.* "[T]he determination as to the appropriateness of an appeal lies solely with the appellate court." *Id.* at ¶ 10. This Court has repeatedly held that when a trial court acts beyond the scope of its jurisdiction while an appeal is pending, its order is void. *Ormandy v. Dudzinski*, 9th Dist. Lorain No. 09CA009713, 2010-Ohio-2017, ¶ 11; *Bonkoski v. Lorain Cty.*, 9th Dist. Lorain Nos. 17CA011094, 17CA011120, 17CA011122, 2018-Ohio-2540, ¶ 19. Accordingly, I would conclude that the trial court's order ruling on Jones' motion was void and must be vacated.

APPEARANCES:

KIMBERLY RIGBY, Supervising Attorney, and ADRIENNE M. LARIMER, Assistant State Public Defender, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.