[Cite as *State v. Stoutamire*, 2019-Ohio-4737.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2019-T-0033** |
| - vs - | : | |
| DWAYNE A. STOUTAMIRE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 07 CR 148.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Dwayne A. Stoutamire*, pro se, PID# A532-253, Northeast Ohio Correctional Center, 2240 Hubbard Road, Youngstown, OH 44505 (Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Dwayne A. Stoutamire, appeals the May 14, 2019 Judgment Entry of the Trumbull County Court of Common Pleas, denying his Motion for New Trial and Request for Evidentiary Hearing. For the following reasons, we affirm the Judgment of the court below.

{¶2} On August 1, 2007, Stoutamire was ordered to serve an aggregate prison sentence of thirty-four years following his convictions for two counts of Having Weapons

While Under Disability, Felonious Assault with Firearm Specification, Abduction with Firearm Specification, and Aggravated Robbery. Stoutamire's convictions were affirmed on appeal. *State v. Stoutamire*, 11th Dist. Trumbull No. 2007-T-0089, 2008-Ohio-2916.

{¶3} On October 9, 2018, Stoutamire filed a Motion for New Trial pursuant to Criminal Rule 33(A) and (B) and Request for Evidentiary Hearing.

{¶4} On December 20, 2018, the State filed its Response.

{¶5} On May 14, 2019, the trial court issued a Judgment Entry, denying Stoutamire's Motion. The Entry stated: "Defendant has failed to establish that he was unavoidably prevented from obtaining the evidence for which his motion is based upon."

{¶6} On June 10, 2019, Stoutamire filed a Notice of Appeal. On appeal, Stoutamire raises the following assignment of error: "The trial court abused its discretion when it failed to make a reasoned decision."

> Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

Crim.R. 33(B).

{¶7} "A motion for new trial pursuant to Crim.R. 33(B) is addressed to the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion." *State v. Schiebel*, 55 Ohio St.3d 71, 564 N.E.2d 54 (1990), paragraph one of the syllabus.

2

{¶8} Stoutamire argues on appeal that the trial court erred by not giving "any reasoned decision" as to why it denied his Motion: "without the trial court giving a basis of how it came to its decision there is no way for a higher court to determine if the trial court's decision is sound or even if he had even had a reason to deny my motion." Appellant's brief at 4.

{¶9} The State counters that "a trial judge has no duty to issue findings of fact and conclusions of law in the denial of a Crim.R. 33 Motion for New Trial." Appellee's brief at 6, citing *State ex rel. Collins v. Pokorny*, 86 Ohio St.3d 70, 711 N.E.2d 683 (1999) ("[a]s the court of appeals correctly held, Judge Pokorny had no duty to issue findings of fact and conclusions of law when he denied Collins's Crim.R. 33 motion for a new trial"); *State v. Jones*, 9th Dist. Summit No. 28547, 2019-Ohio-1870, ¶ 14.

{¶10} Regardless of whether he was required to do so, the trial judge in the present case did state his basis for denying Stoutamire's Motion: "Defendant has failed to establish that he was unavoidably prevented from obtaining the evidence for which his motion is based upon." Moreover, the record is sufficient for this court to review the soundness of the lower court's decision to deny the Motion. In other words, this court may review the reasons for the delay set forth in Stoutamire's Motion to determine whether they justified its denial.

{¶11} In the Motion for New Trial, Stoutamire acknowledged that "the time to file a motion for a new trial * * * has passed so I must meet the requirement of Crim.R. 33(B)." He claimed that he was unavoidably prevented from raising the claims in his Motion because trial counsel refused to produce his case file containing exculpatory documents of which he was unaware. In an attached affidavit, Stoutamire averred that,

3

following his trial, he made repeated requests to obtain his case file which trial counsel consistently ignored. After numerous written requests for the case file received no response, he filed a grievance against trial counsel. According to the affidavit: "he [trial counsel] responded to the griev[a]nce on June 5, 2012 by giving me his case file * * * which now brings upon this motion."

{¶12} According to the record before this court, Stoutamire obtained his case file in June 2012, five years after he was found guilty of his crimes and over six years before he filed his Motion for New Trial. The issue of whether Stoutamire was "unavoidably prevented" from obtaining his case file for five years and/or whether he exercised reasonable diligence in obtaining the file is arguable. Given the record, a trial court could, in the exercise of its discretion, decide the issue either way and that decision would not necessarily be "unreasonable, arbitrary or unconscionable." *State v. Martin*, 151 Ohio St.3d 470, 2017-Ohio-7556, 90 N.E.3d 857, ¶ 27. What is not arguable is that the six-year delay in filing the Motion for New Trial after obtaining his file was not reasonable and that Stoutamire has not offered an explanation for this delay.

{¶13} In the Motion for New Trial, Stoutamire "point[s] out that there is no time limit in filing a Crim.R. 33(B)." While Criminal Rule 33(B) does not prescribe a time limit for seeking leave to file a motion following the discovery of new evidence, this and virtually every other appellate court in Ohio has held that leave must be sought within a reasonable time.

{¶14} The First Appellate District, affirming the denial of a motion for new trial made "over six years after [the defendant's] receiving the evidence on which his * * * claim depended," ruled: "even if the defendant has demonstrated that he could not have

4

learned of the proposed ground for a new trial within the prescribed period, a court has the discretion to deny leave to move for a new trial, when the defendant has delayed moving for leave after discovering the evidence supporting that ground, and that delay was neither adequately explained nor reasonable under the circumstances." *State v. Thomas*, 2017-Ohio-4403, 93 N.E.3d 227, ¶ 10, 9 (1st Dist.). The court summarized:

> Crim.R. 33(B) does not prescribe the time within which a motion for leave must be filed after the movant has learned of the proposed ground for a new trial. But the Second, Fourth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, and Twelfth Appellate Districts require the filing of a Crim.R. 33(B) motion within a reasonable time after the evidence supporting that ground was discovered. *See State v. Seal*, 4th Dist. Highland No. 16CA14, 2017-Ohio-116, ¶ 12-14; *State v. Brown*, 186 Ohio App.3d 309, 927 N.E.2d 1133, ¶ 24 (7th Dist.2010); *State v. Cleveland*, 9th Dist. Lorain No. 08CA009406, 2009-Ohio-397, ¶ 49; *State v. Willis*, 6th Dist. Lucas No. L-06-1244, 2007-Ohio-3959,¶ 20-23; *State v. Berry*, 10th Dist. Franklin No. 06AP-803, 2007-Ohio-2244, ¶ 27-29; *State v. Valentine*, 11th Dist. Portage No. 2002-P-0052, 2003-Ohio-2838, ¶ 9; *State v. York*, 2d Dist. Greene No. 2000 CA 70, 2001 WL 332019, *3-4 (Apr. 6, 2001); *State v. Barnes*, 12th Dist. Clermont No. CA99-06-057, 1999 WL 1271665, *3 (Dec. 30, 1999); *State v. Stansberry*, 8th Dist. Cuyahoga No. 71004, 1997 WL 626063, *3 (Oct. 9, 1997). Those courts found that a reasonable-time requirement is permitted as not inconsistent with the criminal rules, *see* Crim.R. 57(B), and advances the stated objective of those rules in securing the speedy and sure administration of justice and in eliminating unjustifiable delay, *see* Crim.R. 1(B), by discouraging a defendant from waiting to move for leave while the evidence against him dissipates or disappears. *See Seal* at ¶ 12; *Barnes* at *3; *Stansberry* at *3. No appellate district has refused to impose a reasonable-time requirement.

*Id.* at ¶ 8.

{¶15} Apart from the issue of whether Stoutamire was "unavoidably prevented" from obtaining his case file, the Motion for New Trial was properly denied for not being filed within a reasonable time following the discovery of the evidence on which it is based.

{¶16} The sole assignment of error is without merit.

{¶17} For the foregoing reasons, the Judgment of the Trumbull County Court of Common Pleas, denying Stoutamire's Motion for New Trial, is affirmed. Costs to be taxed against the appellant.


THOMAS R. WRIGHT, P.J.,

MARY JANE TRAPP, J.,

concur.