[Cite as *State v. Stoutamire*, 2022-Ohio-2926.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO.

        Plaintiff-Appellee,

- vs -

DWAYNE A. STOUTAMIRE,

        Defendant-Appellant.

CASE NO. 2019-T-0033

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 07 CR 148

---

## M E M O R A N D U M
## O P I N I O N

Decided: August 22, 2022
Judgment: Motion denied

---

*Dennis Watkins*, Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Dwayne A. Stoutamire*, pro se, PID# A532-253, Northeast Ohio Correctional Center, 2240 Hubbard Road, Youngstown, OH 44505 (Defendant-Appellant).

MATT LYNCH, J.

{¶1} Pending before this court is defendant-appellant, Dwayne Stoutamire's, Motion for Reconsideration pursuant to Appellate Rule 26(A) filed on June 27, 2022. Plaintiff-appellee, the State of Ohio, filed a Motion in Opposition to Application for Reconsideration on July 6, 2022.

{¶2} The underlying appeal, *State v. Stoutamire*, 11th Dist. Trumbull No. 2019-T-0033, 2019-Ohio-4737, was decided on November 18, 2019.

{¶3} Ohio Appellate Rule 26(A) provides for the filing of an "[a]pplication for

reconsideration of any cause or motion submitted on appeal." "An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court," but, rather, "provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law." *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (11th Dist.1996).

{¶4} "Application for reconsideration of any cause or motion submitted on appeal shall be made in writing no later than ten days after the clerk has both mailed to the parties the judgment or order in question and made a note on the docket of the mailing as required by App.R. 30(A)." App.R. 26(A)(1)(a). The time prescribed for filing an application for reconsideration may be enlarged by the court. "Enlargement of time to file an application for reconsideration * * * shall not be granted except on a showing of extraordinary circumstances." App.R. 14(B). "Ohio appellate courts have granted applications for delayed reconsideration well over a year after the issuance of the original decision, citing subsequent decisions of [the Ohio Supreme Court] as providing the required extraordinary circumstances." *State v. Moore*, 149 Ohio St.3d 557, 2016-Ohio-8288, 76 N.E.3d 1127, ¶ 90 (cases cited).

{¶5} In the present case, Stoutamire cites the Ohio Supreme Court decision in *State v. Bethel*, __ Ohio St.3d __, 2022-Ohio-783, __ N.E.3d __, decided on March 22, 2022, as such a case presenting extraordinary circumstances meriting an enlargement of time to file his application for reconsideration. We agree.

{¶6} At issue in the underlying appeal was the denial of Stoutamire's Motion for a New Trial. In affirming the denial of the Motion, this court relied on a line of cases from

2

"this [court] and virtually every other appellate court in Ohio" for the proposition that leave to file a motion for new trial "must be sought within a reasonable time." *Stoutamire*, 2019-Ohio-4737, at ¶ 13. Applying that law, this court held that "the Motion for New Trial was properly denied for not being filed within a reasonable time following the discovery of the evidence on which it is based." *Id.* at ¶ 15.

{¶7}   In *Bethel*, the Ohio Supreme Court repudiated this line of cases. The court stated that Criminal Rule 33(B) "does not establish a timeframe in which a defendant must seek leave to file a motion for a new trial based on the discovery of new evidence." *Bethel* at ¶ 55. Applying the Rule as written, there was no justification for the creation of a reasonable-time requirement. Accordingly, a court of appeals errs by holding that it is within the trial court's discretion to deny a motion for leave based on the movant's failure to file the motion within a reasonable time after discovering the new evidence. *Id.* at ¶ 58.

{¶8}   The State argues that the *Bethel* decision does not constitute extraordinary circumstances because it did not create a "new rule of law." "Rather, the Ohio Supreme Court merely examined the already existing Crim.R. 33(B) and determined that, as written by the legislature, the rule did not include a 'reasonable time' requirement." State's Motion in Opposition at 4.

{¶9}   The State is correct that, when the Ohio Supreme Court's interpretation of a rule or statute clarifies the meaning of that rule or statute, the court does not announce "a new rule of law" but, instead, merely determines what that rule or statute has always meant. *State v. Ketterer*, 140 Ohio St.3d 400, 2014-Ohio-3973, 18 N.E.3d 1199, ¶ 14 ("in cases in which we address the meaning of a statute for the first time * * * we are not

3

announcing a new rule of law but instead are determining what the relevant statutes have meant since their enactment").

{¶10} However, the State is not correct that the subsequent supreme court decision must state a "new rule of law" in order to justify delayed reconsideration. The words "new rule of law" do not appear in the *Moore* opinion but, rather, in a concurring opinion. *Moore*, 149 Ohio St.3d 557, 2016-Ohio-8288, 76 N.E.3d 1127, at ¶ 106 (O'Connor, C.J., concurring). Of equal weight is the fact that, in the appellate decisions cited by both the majority and concurring opinions, the subsequent decisions justifying delayed reconsideration often did not announce a new rule of law but construed or interpreted existing law. For example, in *Lyttle v. Ohio*, 12th Dist. Butler No. CA2010-04-089, 2012-Ohio-3042, cited by both the majority and the concurrence, the court of appeals granted reconsideration based on the Ohio Supreme Court's clarification of an earlier supreme court decision:

> We find that such extraordinary circumstances exist in the present case, and therefore grant appellant's motion to enlarge time. The majority's holding in *Lyttle II* was predicated entirely on the lack of a petition process for appellant, thus rendering the decision from which he appealed void. However, the Ohio Supreme Court's subsequent decision in *State v. Palmer*, 131 Ohio St. 278, 2012-Ohio-580, ¶ 17, held that, "[*State v.*] *Bodyke* [126 Ohio St.3d 266, 2010-Ohio-2424] did not invalidate the petition process for sex offenders set forth by R.C. 2950.031(E) and 2950.032(E)." We therefore find appellant's application for reconsideration to be well-taken.

*Id.* at ¶ 5; *see also State v. Lawson*, 2013-Ohio-803, 984 N.E.2d 1126, ¶ 5 (10th Dist.) (delayed reconsideration granted in light of subsequent supreme court decisions "clarifying the application" of statutory amendments to Megan's Law); *State v. Cedeno*, 192 Ohio App.3d 738, 2011-Ohio-674, 950 N.E.2d 582, ¶ 3 ("[t]he *Jordan* line of cases had made apparent our error in failing to vacate Cedeno's sentences as void" and

4

Case No. 2019-T-0033

"provided the extraordinary circumstances that warranted enlarging the application time").

{¶11} While Stoutamire has demonstrated extraordinary circumstances justifying the filing of a delayed application for reconsideration, we find that application fails to demonstrate that reconsideration is warranted. Although this court's statement that Stoutamire's failure to move for a new trial within a reasonable time of the discovery of the new evidence was erroneous in light of *Bethel*, that part of the holding was not determinative of the appeal.

{¶12} In *Stoutamire*, the trial court denied Stoutamire's Motion on the grounds that "Defendant has failed to establish that he was unavoidably prevented from obtaining the evidence for which his motion is based upon." *Stoutamire*, 2019-Ohio-4737, at ¶ 10; *compare Bethel*, 2022-Ohio-783, at ¶ 53 ("Crim.R. 33(B) * * * states only that a defendant must show that he was 'unavoidably prevented from the discovery of the evidence upon which he must rely'").

{¶13} This court affirmed the trial court's decision on those grounds:

> According to the record before this court, Stoutamire obtained his case file in June 2012, five years after he was found guilty of his crimes and over six years before he filed his Motion for New Trial. The issue of whether Stoutamire was "unavoidably prevented" from obtaining his case file for five years and/or whether he exercised reasonable diligence in obtaining the file is arguable. Given the record, a trial court could, in the exercise of its discretion, decide the issue either way and that decision would not necessarily be "unreasonable, arbitrary or unconscionable." *State v. Martin*, 151 Ohio St.3d 470, 2017-Ohio-7556, 90 N.E.3d 857, ¶ 27.

*Id.* at ¶ 12.

{¶14} This is sufficient to affirm the denial of Stoutamire's Motion. In stating that Stoutamire did not seek a new trial within a reasonable time of the discovery of the evidence, this court went beyond the trial court's own holding and provided an alternative

5

justification for affirming the decision. That part of this court's holding was issued "[a]part from the issue of whether Stoutamire was 'unavoidably prevented' from obtaining his case file." *Id.* at ¶ 15. While the holding that Stoutamire's Motion for Leave had to be filed within a reasonable time has been abrogated by *Bethel*, the remainder of the decision remains good law.

{¶15} Accordingly, Stoutamire's Motion for Reconsideration is denied.


THOMAS R. WRIGHT, P.J.,

MARY JANE TRAPP, J.,

concur.

Case No. 2019-T-0033